IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHAN W. GRUEN,

    Plaintiff,

v.

EDFUND and VAN RU CREDIT CORPORATION,

    Defendant.

No. C 09-00644 JSW

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**

Now before the Court are the motions to dismiss filed by defendants EdFund and Van Ru Credit Corporation ("Van Ru") (collectively, "Defendants"). EdFund also moves in the alternative for a more definite statement. These motions are now fully briefed and ripe for decision. The Court finds that these matters are appropriate for disposition without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for July 17, 2009 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby grants in part and denies in part EdFund's and Van Ru's motions to dismiss and denies EdFund's motion for a more definite statement.

**BACKGROUND**

Plaintiff Stephan W. Gruen ("Plaintiff") filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Debt Collection Improvement Act ("DCIA"), 31 U.S.C. § 3720D, the Higher Education Act ("HEA"), 20 U.S.C. § 1095a, and

1  California Business and Professions Code § 17200 ("Section 17200") against EdFund and Van
2  Ru. Defendants moved to dismiss all of Plaintiff's claims. The Court shall address additional
3  facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**A.  Legal Standard Applicable to Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of his entitlement to relief." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (internal brackets and quotations omitted). The pleading must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B.  Van Ru's Motion to Dismiss.**

**1.  Statute of Limitations under the FDCPA.**

Van Ru contends that because some of the conduct that Plaintiff alleges violated the FDCPA occurred outside of the one-year statute of limitations, that the entire claim is time barred. Pursuant to 15 U.S.C. § 1692k(d), an action to enforce liability under the FDCPA must be brought within one year. Plaintiff alleges conduct by Van Ru that occurred less than one year before he filed this action on February 12, 2009. Plaintiff's FDPCA claim may proceed on the alleged actions that occurred within one year of filing this action. *See Pittman v. J.J.*

2

*MacIntyre Co.*, 969 F. Supp. 609, 611 (D. Nev. 1997 (allowing claims for telephone calls made within the one year period but barring claims for calls made before that period); *Murphy v. MRC Receivables Corp.*, 2007 WL 148823, *3 (W.D. Mo. ... 2007) (same); *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (finding that the court had jurisdiction over FDCPA claim based on the four non time-barred letters); *Tucker v. Mann Bracken,* LLC, 2009 WL 151669, *4 (M.D. Pa. ... 2009) (calls made within one year period were not time barred and calls made before the one year period were actionable based the continuing violations theory).

Plaintiff alleges that in February 2008, without specifying exactly when in February, Van Ru notified him that it was commencing garnishment proceedings against him. (Compl., ¶ 25.) Van Ru also sent Plaintiff threatening communications on stationary that appeared to be from the State of California. (*Id*., ¶ 26.) Although Plaintiff filed written objections to the garnishment proceedings, requested a hearing, and provided proof that garnishment was unlawful, Van Ru failed to cease the garnishment proceedings and continued its campaign of oppressive and misleading phone calls and letters. (*Id*., ¶ 27.) On March 13, 2008, Van Ru issued an order to Plaintiff's employer to garnish Plaintiff's wages at a rate of 15 percent. (*Id*., ¶ 29.) Starting in May 2008, Defendants engaged in a campaign to mislead Plaintiff into consolidating his defaulted loans, including making numerous harassing phone calls and other communications to Plaintiff, completing an application for his signature, filing an application for him without his authorization, and threatening legal action. (*Id*., ¶ 31.) Because this alleged conduct occurred within one year of Plaintiff's filing this action, Plaintiff's FDCPA claim is not time-barred.

The Court rejects Van Ru's proposed theory that unlawful conduct occurring within the statute of limitations is time barred if some unlawful conduct also occurred outside of the statutory limitation period. The only case that Van Ru cites in support of this proposition, *Wilhelm v. Credico, Inc.*, 455 F. Supp. 2d 1006 (D.N.D. 2006), is not persuasive. The other cases cited to by Van Ru, *Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393 (S.D.N.Y. 1999) and *Camacho v. National Credit Adjustment Agency*, 2007 WL 760416, (E.D. Wash. March 8,

3

2007), do not support Van Ru's position.  In *Sierra*, the latest illegal act alleged by the plaintiff occurred outside of the statute of limitations period.  *Id*. at 395.  Significantly, the court stressed that it was "not a case where defendants [had] sent a series of threatening letters, each of which violate[d] the FDCPA and only some of which [were] time-barred."  *Id*.

In *Camacho*, the court noted that the only reason the conduct within the statute of limitations period was illegal was because the notice of dishonor, sent more than one year before the suit was filed, did not comply with the statute.  Therefore, the conduct within the statute of limitations did not constitute independent violations.  *Id*. at *2, n. 3.

Because Plaintiff alleges significant violations of the FDCPA that occurred within the one-year limitations period, the Court will not dismiss this claim as time-barred.  The Court need not determine at this procedural stage whether Plaintiff may also hold Van Ru liable under the FDCPA for its alleged conduct prior to February 2008 pursuant to a continuing violations theory.

### 2. Plaintiff's Claim under the DCIA.

Van Ru argues that the provision of the DCIA on which Plaintiff relies, Section 3720D, applies only to actions taken by "the head of an executive, judicial, or legislative agency that administers a program that gives rise to a delinquent nontax debt owed to the United States." *See* 31 U.S.C. § 3720D(a).  Therefore, according to Van Ru, the scope of the DCIA is limited to actions taken by the United States to collect debt owed to the federal government.  Plaintiff counters that, pursuant to 31 U.S.C. § 3718, the head of an executive, judicial, or legislative agency may contract with a person for collection service to recover a debt owed to the United States.  However, Plaintiff has not alleged that either EdFund or Van Ru contracted with the head of an executive, judicial, or legislative agency, or that Defendants are seeking to recover a debt owed to the United States.  Therefore, the Court finds that Plaintiff has not alleged a claim under the DCIA.

### 3. Private Right of Action under the HEA.

It is undisputed that the HEA does not provide an express private right of action to students.  Plaintiff contends that pursuant to the four-factor test set forth in *Cort v. Ash*, 422

4

1   U.S. 66 (1975), the Court should find an implied private right of action under the HEA.

2   However, nearly every court that has examined this issue has found that the there is no implied

3   private right of action under the HEA. *See e.g., Parks School of Business v. Symington*, 51 F.3d

4   1480, 1484-85 (9th Cir. 1995) (finding educational institutions do not have a private right of

5   action under the HEA); *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217,1225 (11th Cir. 2002)

6   (finding parents of student borrowers have no private right of action under HEA); *L'ggrke v.*

7   *Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992) (finding students do not have a private right of

8   action under the HEA); *Labickas v. Arkansas State University*, 78 F.3d 333, 334 (8th Cir. 1996)

9   (same); *Slovinec v. DePaul University*, 222 F. Supp. 2d 1058, 1060 (N.D. Ill 2002) (same);

10  *George W. v. United States Dept. of Ed.*, 149 F. Supp. 2d 1195, 1121 (E.D. Cal. 2000) (same);

11  *Williams v. National School of Health Technology, Inc.*, 836 F. Supp. 273, 280 (E.D. Pa. 1993)

12  (same); *Davies v. Sallie Mae, Inc.*, 168 Cal. App. 4th 1086, 1096 (2008) (same).

13       In determining whether a private right of action may be implied, the court must examine

14  the following four factors: (1) whether the plaintiff is one of the class for whose especial benefit

15  the statute was enacted; (2) whether the legislative history evinces any intent either to create or

16  to deny a right of action under the statute; (3) whether implying a right of action would be

17  consistent with the purposes of the legislative scheme; and (4) whether the cause of action is

18  one traditionally relegated to state law, so that it would be inappropriate to infer a cause of

19  action based solely on federal law. *See Cort,* 422 U.S. at 78. However, "[t]hese factors are not

20  given equal weight; the critical inquiry is congressional intent." *Parks*, 51 F.3d at 1484.

21  Moreover, the Ninth Circuit has "recognized that before a private cause of action may be

22  inferred from a statute, ineluctable inferences must arise from the Act to compel such a finding.

23  ... If the statute itself provides a particular remedy or remedies, [the court] should not add

24  others." *Id*. (internal quotation marks and citation omitted).

25       Here, although the HEA was enacted to benefit students, *see Parks*, 51 F.3d at 1484, the

26  other factors weigh heavily against finding an implied private right of action. The HEA's

27  legislative history is silent on the issue of private rights of action. *Id*. When, as here, "a statute

28  expressly provides for particular means of enforcement, [courts] must be chary of reading

5

1  additional ones into it." *Id*. (citing *Transamerica Mortgage Advisors v. Lewis*, 444 U.S. 11, 19-
2  20 (1979). The HEA provides the Secretary of Education with wide-ranging authority to
3  enforce the provisions of the Act. As the court found in *Parks*, the extensive web of
4  enforcement mechanisms provided under the HEA "both illuminates congressional intent and
5  tips the third *Cort* factor against" finding an implied cause of action. *Parks*, 51 F.3d at 1485.

6  Plaintiff has not provided any authority to the contrary. In *Fisher v. UNIPAC Service
7  Corp.*, 519 N.W.2d 793 (Iowa 1994), an out of district state-court case, the court assumed the
8  plaintiff could bring a claim without addressing the issue of whether a private right of action
9  may be implied under the *Cort* factors. *Id*. at 796-98. In the unpublished opinion from an out
10 of district case in *Cohen v. NCO Financial Systems, Inc.*, Civil Action No. 05-1771, the court
11 found that the issue of whether the plaintiff had a private right of action under the HEA was
12 unclear and noted that many cases had held that the HEA did not create a private right of action.
13 (*See* Docket No. 35.) The court did not decide the issue, but rather, invited briefing from the
14 parties on this issue. (*Id.*)

15 Accordingly, the Court finds that Plaintiff does not have an implied private right of
16 action under the HEA.

17 **4. Plaintiff's Claim under Section 17200.**

18 Van Ru argues that Plaintiff fails to allege a sufficient injury under Section 17200 and
19 fails to allege any facts in support of the element that Van Ru engaged in unlawful, unfair, or
20 fraudulent behavior. Van Ru also argues that Plaintiff's Section 17200 claim fails to the extent
21 it is premised on violations of the FDCPA, DCIA or HEA.

22 In order to state a claim under Section 17200, Plaintiff must have suffered an injury in
23 fact and have lost money or property. Cal. Bus. & Prof. Code §17204; see also Californians for
24 Disability Rights v. Mervyn's, LLC, 39 Cal. 4th 223, 227 (2006) (After Proposition 64, a
25 private person has standing to sue only if he or she "has suffered injury in fact and has lost
26 money or property as a result of such unfair competition."). Here, Plaintiff alleges that his
27 wages were garnished. Therefore, Plaintiff has sufficiently alleged that he suffered an injury in
28 fact and lost money or property.

6

1    Pursuant toSection 17200, "there are three varieties of unfair competition: practices
2 which are unlawful, unfair or fraudulent." Daugherty v. American Honda Motor Co., Inc., 144
3 Cal.App. 4th 824, 837 (2006); see also Albillo v. Intermodal Container Services, Inc., 114 Cal.
4 App.4th 190, 206 (2003) (to state a UCL claim, a "plaintiff must establish that the practice is
5 either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or
6 fraudulent (i.e., is likely to deceive members of the public)").

7    Unlawful business activity includes "'anything that can properly be called a business
8 practice and that at the same time is forbidden by law.'" *Farmers Ins. Exch. v. Superior Court*,
9 2 Cal. 4th 377, 383 (1992) (citing *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 113
10 (1972)). Van Ru argues that Plaintiff has not alleged a violation of any law. However, as
11 discussed above, the Court finds that Plaintiff sufficiently alleges that Defendants violated the
12 FDCPA. Therefore, the Plaintiff sufficiently alleges unlawful business activity.

13    Unfair simply means any practice whose harm to the victim outweighs any benefits.
14 *Olsen v. Breeze, Inc.*, 48 Cal. App. 4th 608, 618 (1996). "The court must weigh the utility of
15 the defendant's conduct against the gravity of the harm to the alleged victim." *Gafcon, Inc. v.*
16 *Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1425 n.15 (2002). Van Ru argues that the predicate
17 public policy for this claim must be tethered to a specific constitutional, statutory, or regulatory
18 provision. Again, because the Court has found that Plaintiff has sufficiently alleged a statutory
19 violation, the Court will not grant Van Ru's motion on this ground.

20    To state a cause of action under the fraudulent prong of Section 17200, it is necessary
21 only to show members of the public are likely to be deceived; allegations of actual deception,
22 and reasonable reliance are unnecessary. *Committee on Children's Television, Inc. v. General*
23 *Foods Corp.*, 35 Cal. 3d 197, 211 (1983). Relying on *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d
24 1097, 1105 (9th Cir. 2003), Van Ru argues that Plaintiff must plead fraudulent conduct with
25 particularity in accordance with Federal Rule of Civil Procedure 9(b). However, pleading a
26 claim under the fraudulent prong of Section 17200 is not the same as pleading common law
27 fraud; "[S]ection 17200 does not require a plaintiff to plead all of the elements of fraud." *In re*
28 *Mattel, Inc.*, 588 F. Supp. 2d 1111, 1118 (C.D. Cal. 2008) (finding that the complaint with a

7

1  fraudulent Section 17200 claim "neither specifically alleges fraud nor alleges facts that
2  necessarily constitute fraud"). As the court found in *Mattel*, *Vess* does not require all claims
3  under the fraudulent prong of Section 17200 to be plead with particularity. *Id*. In *Vess*, the
4  plaintiffs' Section 17200 claim was predicated on a fraudulent scheme. *See Vess*, 317 F.3d at
5  1101. In contrast, in *Mattel*, the plaintiffs merely alleged representations that were likely to
6  deceive and that the plaintiffs were damaged by the deception; "they [made] no effort to allege
7  common law fraud elements such as intent to deceive or any overarching fraudulent scheme to
8  defraud the individual [p]laintiffs or the public." *In re Mattel*, 588 F. Supp. 2d at 1118.

9  Similarly here, although Plaintiff asserts a claim under the fraudulent prong of Section
10 17200, Plaintiff neither specifically alleges fraud nor alleges facts that necessarily constitute
11 fraud. Plaintiff alleges that Van Ru sent out a letter on stationary that appeared to be from the
12 State of California and made other communications that attempted to mislead him regarding the
13 state of his obligations and Defendants' ability to garnish his wages. Plaintiff merely alleges
14 representations that were likely to deceive and does not allege an overarching fraudulent
15 scheme to defraud Plaintiff or the public. Therefore, the Court finds that Plaintiff was not
16 obligated to plead with particularity under Rule 9(b) and that Plaintiff has alleged his fraudulent
17 Section 17200 claim sufficiently.[1] Accordingly, the Court denies Van Ru's motion to dismiss
18 Plaintiff's Section 17200 claim.

19 **C.    EdFund's Motion to Dismiss.**

20     **1.    Bona Fide Fiduciary Obligation Exemption to the FDCPA.**

21 EdFund contends that it falls within the "bona fide fiduciary obligation" exemption to
22 the FDCPA. The FDPCA exempts from the definition of "debt collector" any person
23 "collecting or attempting to collect any debt owed or due or asserted to be owed or due another
24 to the extent such activity ... is incidental to a bona fide fiduciary obligation ... ." *See* 15 U.S.C.

---

[1] In its reply brief, Van Ru also argues that another court found "virtually identical conduct" to be lawful. (Van Ru's Reply at 10-11 (citing *Greenland v. Van Ru Credit Corp.*, 2007 WL 4245409 (W.D. Mich. Nov. 29, 2007).) However, Van Ru's reliance on *Greenland* is misplaced. In that case, the court examined the letter in question on a motion for summary judgment. Here, the disputed letter is not yet before the Court and, on this motion to dismiss, the Court must accept Plaintiff's allegations as true.

§ 1692(a)(6)(F).  "Two requirements must be satisfied for an entity to come within the exception to the FDCPA for collection activities 'incidental to a bona fide fiduciary obligation.' ... First, the entity must have a 'fiduciary obligation.'  Second, the entity's collection activity must be 'incidental to' its 'fiduciary obligation.'" *Rowe v. Educational Credit Management Corp.*, 559 F.3d 1028, 1032 (9th Cir. 2009).

Based on Plaintiff's allegation that EdFund is a guarantee agency, EdFund satisfies the fiduciary obligation requirement.  *See id.* at 1033.  However, taking Plaintiff's allegations as true, EdFund does not satisfy the second requirement.  In *Rowe*, the court held that a guarantee agency that does not act as the guarantor of the loan, but instead was assigned the loan in order to act as a collection agent, does not engage in collection activity that is "incidental to" the original guarantor's fiduciary duty to the Department of Education.  *Id*. at 1035.  Because the complaint alleged that the defendant's only role in the case was to collect the loan assigned to it after the Plaintiff's default, the defendant did not fall within the exception under the FDCPA. *Id*.  Here, Plaintiff alleges that EdFund "acquired [his] defaulted student loans."  (Compl., ¶ 2.) Such allegation implies that EdFund did not acquire Plaintiff's loans until after had already defaulted.  Moreover, the only conduct Plaintiff alleges by EdFund is EdFund's efforts to collect on Plaintiff's defaulted loans.  (*Id*., ¶¶ 2, 23, 24.)  Based on these allegations, the Court finds that the fiduciary obligation exception to the FDCPA does not apply to EdFund.  Therefore, the Court denies EdFund's motion to dismiss on this ground.

In a footnote, EdFund further contends that because its alleged conduct occurred more than one year before Plaintiff filed this lawsuit, Plaintiff's FDPCA claim against it is time-barred.  However, Plaintiff alleges that EdFund engaged Van Ru to collect Plaintiff's debt and that Van Ru was acting as EdFund's agent.  As the Court addressed above, Plaintiff's FDPCA claim premised on Van Ru's conduct is not time-barred.  Because Plaintiff alleges that Van Ru acted as EdFund's agent and thus, that EdFund may be held liable for Van Ru's conduct, Plaintiff's FDPCA claim against EdFund is not time-barred.

9

### 2. Plaintiff's Claim under the DCIA.

EdFund argues that it is not an agency of the United States, and therefore, is not subject to the provisions of the DCIA. As discussed above, the Court finds that Plaintiff fails to allege a claim under the DCIA.

### 3. Private Right of Action under the HEA.

EdFund argues that Plaintiff's claim under the HEA fails because Plaintiff does not have a private right of action under this statute. As the Court concluded above, Plaintiff does not have a private right of action under the HEA. Therefore, the Court grants EdFund's motion on this ground.

### 4. Plaintiff's Section 17200 Claim.

EdFund argues that the conduct Plaintiff alleges it engaged in does not constitute an unlawful, unfair or fraudulent business practice, that Plaintiff's allegations against it are too vague, and that the Plaintiff fails to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). As discussed above, the Court finds that Plaintiff has sufficiently alleged his Section 17200 claim under the unlawful, unfair, and fraudulent prongs. Therefore, the Court denies EdFund's motion to dismiss Plaintiff's Section 17200 claim.[2]

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES in part Van Ru's and EdFund's motions to dismiss. The Court GRANTS their motions with respect to Plaintiff's claims under the DCIA and HEA and DENIES their motions as to Plaintiff's claims under the FDCPA and Section 17200.

**IT IS SO ORDERED.**

Dated: July 15, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] EdFund moves in the alternative for a more definite statement on Plaintiff's fraudulent Section 17200 claim. Because the Court finds that Plaintiff sufficiently plead this claim, the Court denies EdFund's motion for a more definite statement.

10